# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 1, 2017

Lyle W. Cayce
Clerk

No. 16-60180
Summary Calendar

JUDIS LISSETH FLORES-GUTIERREZ; STEVEN YOEL LARIOS-FLORES,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 845 948
BIA No. A206 845 949

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioners Judis Lisseth Flores-Gutierrez and her minor son, Steven Yoel Larios-Flores, natives and citizens of El Salvador, petition for review of the decision of the Board of Immigration Appeals (BIA) dismissing their appeals of the immigration judge's (IJ) denial of their applications for asylum, withholding of removal under the Immigration and Nationality Act, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60180

protection under the Convention Against Torture (CAT).  As Petitioners do not address the BIA's denial of relief under the CAT, that issue is abandoned.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (per curiam).  As for the denial of asylum and withholding of removal, we review the BIA's factual findings for substantial evidence and its legal conclusions de novo.  *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

The Attorney General may grant asylum to aliens who qualify as refugees.  8 U.S.C. § 1158(a).  A refugee is a person who is outside of his or her country and is unable or unwilling to return because of past persecution or a well-founded fear of future persecution on account of his or her race, religion, nationality, membership in a particular social group, or political opinion.  *See* 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 208.13(b); *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994).  The applicant must establish a nexus between the claimed persecution and one of the statutory grounds for asylum.  *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 349 (5th Cir. 2006).  If the IJ so requests, the applicant must provide evidence corroborating an otherwise credible claim of persecution, provided such evidence is reasonably available.  8 U.S.C. § 1229a(c)(4)(B); *Rui Yang v. Holder*, 664 F.3d 580, 585-86 (5th Cir. 2011).

Substantial evidence supports the BIA's ruling that Petitioners failed to establish membership in a qualifying social group or a nexus between the claimed persecution and their membership in such a group.  *See Lopez-Gomez*, 263 F.3d at 444.  Initially, Petitioners do not contest the BIA's finding that they failed to provide evidence, as requested by the IJ, corroborating their claim to asylum, nor do they show that corroborating evidence was unavailable.  *See Rui Yang*, 664 F.3d at 587.  The BIA could have denied relief on that basis alone.  *See In Re S-M-J-*, 21 I. & N. Dec. 722, 725-26 (BIA 1997).

No. 16-60180

In any event, the two groups which Petitioners assert that they belong to—students who are harassed and targeted for recruitment by gangs, and fishermen who are targeted by gangs for recruitment or to transport drugs— are defined by the very persecutory conduct aimed at them and came into existence only as a result of that persecution. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012); *Matter of W-G-R-*, 26 I. & N. Dec. 208, 215 (BIA 2014). Petitioners could not have been persecuted *on account of* their membership in those groups. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 352 (5th Cir. 2002). The BIA did not err in dismissing Petitioners' claims for asylum based on past persecution. *See Lopez-Gomez*, 263 F.3d at 444. For the same reason, the BIA did not err in dismissing their claims for asylum based on a fear of future persecution. *See id.*; 8 C.F.R. § 208.13(b)(2)(i)(A); *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994).

Substantial evidence supports the BIA's holding that Petitioners failed to establish their entitlement to asylum, *see Lopez-Gomez*, 263 F.3d at 444, so, as a matter of law, they are unable to meet the more stringent standard for granting withholding of removal. *See Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). They fail to show that the evidence compels a conclusion contrary to the BIA's denial of their requests for withholding of removal. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

The petition for review is DENIED.