# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 4, 2020

Lyle W. Cayce
Clerk

No. 18-60731

FRANCISCA DEL CARMEN SERRANO-DE PORTILLO; DAYANA ALEXANDRA PORTILLO-SERRANO; MELISSA MAGALY PORTILLO-SERRANO,

Petitioners

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 893 804
BIA No. A208 893 805
BIA No. A208 893 806

Before KING, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Francisca Del Carmen Serrano-de Portillo and her two children, Dayana and Melissa Portillo-Serrano, are citizens of El Salvador.  They seek review of the order of the Board of Immigration Appeals (BIA) denying their motion for reconsideration.  The unsuccessful motion sought reconsideration of the BIA's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissal of their appeal from the Immigration Judge's (IJ) denial of their application for asylum, withholding of removal, and protection under the Convention Against Torture.

"We review the BIA's denial of a motion for reconsideration under a highly deferential abuse-of-discretion standard." *Gonzales-Veliz v. Barr*, 938 F.3d 219, 226 (5th Cir. 2019). Under this standard, even an erroneous decision will stand, "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (quotations omitted).

Petitioners are unable to meet this demanding standard for overturning the denial of reconsideration. They first contend that the BIA abused its discretion in concluding that the proposed particular social group of "El Salvadoran women targeted by gang members to be gang girlfriends" was not cognizable because it was partially defined by the harm suffered. But the BIA explained that it did not matter that the IJ used a partially-defined-by-harm standard instead of an exclusively-defined-by-harm standard. The "guiding standard," the BIA explained, is that "a 'particular social group' must exist independently of the persecution suffered by the applicant for asylum." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 236 n.11 (BIA 2014) (quoting *Lukwago v. Ashcroft*, 329 F.3d 157, 172 (3d Cir. 2003)). Applying that standard, the BIA found that the proposed group was impermissibly circular and could not exist independently of the harm the Petitioners asserted. In other words, members of a group of El Salvadoran women "targeted by gangs" cannot be persecuted "on account of" membership in that group until they are, indeed, targeted by gangs, which loops the inquiry. Given that our court and others have relied on this circularity problem in affirming the denial of asylum applications, the

No. 18-60731

BIA's refusal to reconsider this analysis was not arbitrary or otherwise an abuse of discretion. *See, e.g.*, *Gonzales-Veliz*, 938 F.3d at 232 (holding that the particular social group of "Honduran women unable to leave their relationship" was "impermissibly defined in a circular manner"); *Cornejo-Bonilla v. Barr*, 2019 WL 6125180, at *1, *3 (5th Cir. Nov. 18, 2019) (per curiam) (affirming the BIA's denial of asylum based on membership in the particular social group of "mothers and daughters unable to escape threats from gang members"); *Lukwago*, 329 F.3d at 172–73 (affirming the BIA's holding that petitioner was not persecuted "on account of" membership in the particular social group of "children from Northern Uganda who are abducted and enslaved by the LRA and oppose their involuntary servitude"); *see also Matter of A-B-*, 27 I. & N. Dec. 316, 334–35 (A.G. 2018).

Petitioners next contend that their counsel sufficiently raised a proposed alternative group of "El Salvadoran women" before the IJ and that the BIA abused its discretion by failing to reconsider whether the IJ need consider that group. *See Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191–93 (BIA 2018). But in immigration court the Petitioners consistently delineated the proposed particular social group as "El Salvadoran women who have been targeted by gang members to be gang girlfriends." Although Petitioners did emphasize the importance of "country of origin and gender" to that group, they never officially proposed an alternative group of "El Salvadoran women." In asylum proceedings, the petitioners bear the burden of "clearly indicat[ing] the exact delineation of any particular social group(s) to which [they] claim[] to belong." *Id.* at 191 (quotation omitted). So while the IJ "should seek clarification" if an applicant is unclear as to that "exact delineation," *id.*, the IJ is not required to infer alternative groups from an applicant's testimony, *Del Cid-Lazo v. Barr*, 784 F. App'x 894, 896 (5th Cir. 2019) (per curiam). Even if the BIA's initial

No. 18-60731

ruling on this issue is debatable, taking one side of a close issue is not irrational.  Consequently, the BIA did not abuse its discretion in refusing to reconsider its finding that the Petitioners failed to raise the alternative group before the IJ.

Finally, the Petitioners contend that the BIA improperly relied on its recent *A-B-* decision in rejecting their proposed social groups.  But we recently explained that *A-B-* did not alter the legal burden for asylum claims.  *Gonzales-Veliz*, 938 F.3d at 235.  It merely "restated established principles and overruled" a case that "deviated from those principles."  *Id.*  Additionally, the BIA did not abuse its discretion in analyzing only the circular-harm aspect of Petitioners' primary group; it had no need to analyze particularity and social distinction because the asylum claim had already failed.  *See Flores-Gutierrez v. Sessions*, 690 F. App'x 196, 197 (5th Cir. 2017) (per curiam); *A-B-*, 27 I. & N. Dec. at 340.

Because the BIA did not abuse its discretion in denying the motion for reconsideration, the petition for review is DENIED.